CARRIE A. BROOKS v. WILLIAM H. FITHIAN.

No. 12,303.    ( 73 Pac. 903.)

Error from Montgomery district court; A. H. SKIDMORE, judge.    Opinion filed October 10, 1903.    Dismissed.

*Ayers & Dana,* for plaintiff in error.

*Dooley & Osborn,* and *George R. Snelling,* for defendant in error.

*Per Curiam:* Thomas Brooks foreclosed a mortgage on real estate belonging to William H. Fithian.    The property was sold to plaintiff, subject to redemption, and after the expiration of eighteen months a sheriff's deed was made. Fithian claimed, however, that the property had been redeemed from the sale, and made a motion to set aside the deed.    The district court sustained the motion, and made an order that the plaintiff reconvey the property, and that upon his failure to do so within ten days the court's order stand as a conveyance.    Brooks brought this proceeding in error to reverse such order.    During the pendency of the case in this court the plaintiff in error died, and by consent of defendant in error the action was revived in the name of the administratrix.    The heirs or legatees of Brooks are not in court.

The effect of the sheriff's deed, if valid, was to vest the title to the real estate in Brooks.    The effort of Fithian

was to divest the title from Brooks and restore it to himself    The question in dispute was whether a valid redemption had been effected.   The controversy was over the title to the real estate, each contestant trying to hold or obtain it.   The dispute was not as to the amount or validity of any lien asserted by Brooks, but whether the full title had finally passed to him.   The persons directly concerned in this controversy after the death of Brooks were his heirs or legatees.   It may be that, for a complete adjustment of all the incidents to the litigation, the administratrix would be a proper, or even a necessary, party, but the real parties in interest are the heirs or legatees, and in their absence this court has no jurisdiction to determine the matter. (*Iams v. McKanna*, 8 Kan. App. 856, 55 Pac. 502.)

The proceeding in error is therefore dismissed.